# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.,<br><br>    Defendants. | CASE NO. 1:08-cv-00153-OWW-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc.11) |

### Screening Order

Plaintiff Ruben Hernandez is a state prisoner, proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who alleges Eighth Amendment claims for deliberate indifference to serious medical needs, filed his first amended complaint on September 25, 2009 (doc. 11).

### I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2   exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S.
3   506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of
4   the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a
5   statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6   grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not
7   required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere
8   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949
9   (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set
10  forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'"
11  *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are
12  accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555.
13  Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to
14  relief above the speculative level." *Id.* at 555 (*citations omitted*). A plaintiff must set forth "the
15  grounds of his entitlement to relief," which "requires more than labels and conclusions, and a
16  formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation
17  marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set
18  forth the legal and factual basis for his claim.
19  **II.     Plaintiff's Claim**
20         **A.     Summary of Complaint**
21         On December 5, 2006, plaintiff, an inmate at Pleasant Valley State Prison ("PVSP"),
22  underwent gall bladder surgery at a hospital outside the prison. Upon plaintiff's return to PVSP
23  on December 6, 2006, Dr. John prescribed pain medication (Vicodin) three times per day for at
24  least seven days and directed that plaintiff's incision and sutures were to be cleaned and dressed
25  daily. Despite repeated requests, plaintiff did not consistently receive his pain medication and
26  never had his sutures cleaned or his dressing replaced.
27         Although the prison doctors send inmates' prescriptions directly to the pharmacy,
28  plaintiff's pain medications were not ready on the mornings of December 7 or 8. After plaintiff

collapsed from pain on December 7, a medical technical assistant ("MTA") brought him a single dose of Vicodin but did not change the dressings or clean the wound.  After plaintiff again collapsed on December 8, medical personnel did not respond but directed custodial staff to send plaintiff to the clinic to be seen.  Upon plaintiff's arrival at the clinic, defendant O'Brian,[1] an MTA, refused to admit plaintiff, claiming that he had no appointment.  O'Brian only admitted plaintiff to the clinic after he lay on the floor outside the clinic door.  Eventually, plaintiff saw defendant Dr. Phi, who gave him a single dose of painkiller and advised plaintiff that his December 6 prescription had not yet been filled.  Plaintiff was again denied his prescription at the morning, noon, and afternoon administrations on December 9.  On Sunday, December 11, O'Brian told plaintiff that his prescription was still not available and that he would need to file a health care request form.  When plaintiff complained that his pain was excruciating, O'Brian advised plaintiff that he "was not special" and that he had to "put in a slip like everyone else." Plaintiff submitted a medical request form.

On December 17, plaintiff filed a second medical request and an emergency appeal (Form 602).  On December 18, Phi removed plaintiff's staples, discovered that the incision was infected, and prescribed antibiotics.  Nonetheless, plaintiff alleges that no doctor examined him between his second medical request and December 21, when Dr. Henry found that plaintiff's incision had healed and advised plaintiff that he could still expect some pain.[2]

During the same time period, plaintiff's incisions were not cleaned and his bandages were not changed.  As a result, the incision became infected.

On December 17, 2006, Dr. Phi removed the sutures and discovered that plaintiff's wound was infected.  Phi prescribed antibiotics.  As a result of the infection, plaintiff's wound healed poorly and he experienced chronic pain.  Nonetheless, doctors at PVSP did not prescribe any pain medication until May 1, 2007.

///

---

[1] The complaint spells this defendant's name as both "O'Brian" and "O'Brien."  For the sake of consistency, this order will refer to this defendant as O'Brian.

[2] If plaintiff elects to amend his complaint, he may wish to address the apparent inconsistency reflected in this paragraph.

3

Plaintiff names as defendants Dr. Phi, who failed to insure that plaintiff's incision was cleaned and redressed daily pursuant to Dr. John's orders; PVSP pharmacists Ronald Juliana and Joyce Rutan-Juliana, who failed to fill his prescription in a timely manner; MTA O'Brian, who failed to provide medical care when plaintiff advised her that he was in pain but not receiving his medication; and Chief Medical Officer Bond, who failed to order treatment of plaintiff when correctional staff advised him that plaintiff was in severe pain but was not receiving medical care.

### B.  Defendants.

#### 1.  Supervisory personnel.

Plaintiff names Chief Medical Officer Bond as a defendant. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege facts indicating that each supervisory defendant either personally participated in the alleged deprivation of the plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); *Taylor*, 880 F.2d at 1045.

Plaintiff's claims on page 3-c of the complaint recite that Bond failed to take action when advised that plaintiff was not receiving prescribed treatment and was in severe pain, but his facts do not allege when and how Bond was advised of plaintiff's situation. If plaintiff elects to amend his complaint, as this order permits him to do, he should supplement his facts to include factual allegations supporting the proposition that Bond personally participated in the alleged deprivation of plaintiff's rights or knew of the constitutional violations against plaintiff but failed to prevent or ameliorate them.

### 2. Dr. John

Plaintiff alleges that Dr. John's prescription for painkiller (Vicodin) was not filled in a timely manner. Dr. John is not named as a defendant in the caption. The complaint's language does not clearly indicate whether or not plaintiff intended to allege that Dr. John failed to transmit the prescription to the pharmacy in a timely manner. If plaintiff elects to amend his complaint and intends to name Dr. John as a defendant, he should include clearer and more specific factual allegations, and add Dr. John to the caption.

### 3. Bond and O'Brian

Apparently because he does not know their first names, plaintiff names as defendants Doe Bond and Doe O'Brian. Because he has identified these two defendants by occupation and surname, plaintiff need not employ fictitious first names but may simply name these defendants as CMO Bond and MTA O'Brian.

### C. Eighth Amendment Claim – Deliberate Indifference to Serious Medical Needs.

Plaintiff alleges that defendants' failure to provide post-surgical care constituted deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the U.S. Constitution.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057, *quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi*, 391 F.3d at 1057, *quoting Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (*citation omitted*). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an

5

excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834.  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

    Plaintiff states cognizable claims against defendants for failure to provide wound care and prescribed pain medication.

**III.**    **Conclusion and Order**

    But for the uncertain allegations against Dr. John and defendant Bond, plaintiff's complaint states a claim against defendants under the Eighth Amendment for deliberate indifference to serious medical need.  Although his complaint could proceed in its present form, this court will provide plaintiff with one additional opportunity to file an amended complaint so that he may remedy the deficiencies identified in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

    If plaintiff does not wish to file an amended complaint and, despite the noted deficiencies regarding John and Bond, chooses to proceed with his complaint in its existing form, he may so notify the court in writing, and the court will issue a recommendation for his complaint to proceed.  The court will then forward to plaintiff five summonses and five USM-285 forms for completion and return.  Upon receipt of the completed forms, the court will direct the United States Marshal to initiate service of process on Juliana, Rutan-Juliana, Phi, Bond, and O'Brian.

    If plaintiff elects to file an amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the court in this order, or
    b. Notify the court in writing that he does not wish to file an amended complaint and wishes his complaint proceed in its existing form;
4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   November 20, 2009**              /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE