# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERNANDEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00153-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 38)<br><br>FIFTEEN-DAY OBJECTION PERIOD |

Plaintiff Ruben Hernandez, a current or former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 18, 2007. This action is proceeding on Plaintiff's second amended complaint against Defendants Rutan, Rutan-Juliana, Phi, Bond, and O'Brian on Plaintiff's Eighth Amendment medical care claim.

On November 15, 2011, Defendant O'Brian filed a motion to compel Plaintiff's deposition, following Plaintiff's failure to appear at his properly noticed deposition.[1] On December 1, 2011, the Court issued an order requiring Plaintiff to (1) file an opposition or a statement of non-opposition to Defendant's motion to compel within thirty days, and (2) show cause within thirty days why sanctions should not be imposed against him for failing to comply with the Court's order of August 30, 2011, in which the Court directed Plaintiff to provide further identifying information regarding Defendant Bond for purposes of service of process. Plaintiff was warned that the failure to comply

---

[1] At that time, only Defendant O'Brian had made an appearance in this action. Defendant Phi subsequently answered the second amended complaint on November 18, 2011. Defendants Rutan, Rutan-Juliana, and Bond have not been served with process.

with the order would result in dismissal of the action for failure to prosecute. More than sixty days have passed and Plaintiff has not complied with or otherwise responded to the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending more than four years. Plaintiff is obligated to comply with the Federal Rules of Civil Procedure, the Local Rules, and court orders. Plaintiff failed to respond to the Court's order requiring him to provide further information regarding Defendant Bond. Plaintiff was required to appear for his deposition and he failed to do so. Plaintiff then failed to comply with the order requiring him to respond to Defendant's motion to compel and to show cause why sanctions should not be imposed. Finally, Plaintiff's address of record is apparently no longer accurate and no address update has been filed.[2] The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's

///

---

[2] On October 31, 2011, an order served on Plaintiff was returned with a notation that Plaintiff paroled from prison. In addition, Plaintiff informed Defendant during his deposition on August 16, 2011, that he was set to parole from prison on September 1, 2011. (Doc. 35-3, Ex. B, court record p. 15 ln. 8.) However, at no time has Plaintiff notified the Court of a change in his address and his address of record remains Pleasant Valley State Prison. Local Rule 182(f).

failure to comply with discovery rules and the Court's order that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court and the State of California from further unnecessary expenditures of their scare resources. Plaintiff is proceeding pro se and is or was a prisoner, making monetary sanctions likely of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect on a plaintiff who has ceased litigating the case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal.  Id. at 643.  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's orders and Plaintiff's apparent failure to keep the Court informed of his current address, the Court is left with no alternative but to dismiss the action for failure to prosecute.  In re PPA, 460 F.3d at 1228.  This action, which has been pending since 2007, can proceed no further without Plaintiff's cooperation and compliance with court orders, and the action cannot simply remain idle on the Court's docket, unprosecuted.  Id.

Accordingly, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to prosecute.[3]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

---

[3] Defendants O'Brian and Phi filed a motion to dismiss for failure to prosecute on January 30, 2012. However, in light of Plaintiff's failure to respond to the Court's order to show cause, the Court elects to proceed with dismissal of this action at this time under its inherent authority.

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 6, 2012**                         /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE