1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          EASTERN DISTRICT OF CALIFORNIA

8

   RUBEN HERNANDEZ,                          CASE NO. 1:08-cv-00153-AWI-SKO PC
9
                    Plaintiff,               FINDINGS AND RECOMMENDATIONS
10                                           RECOMMENDING DISMISSAL OF ACTION,
       v.                                    WITH PREJUDICE, FOR FAILURE TO
11                                           PROSECUTE
   JAMES YATES, et al.,
12                                           (Doc. 38)
                    Defendants.
13                                           FIFTEEN-DAY OBJECTION PERIOD

                                        /
14

15        Plaintiff Ruben Hernandez, a current or former state prisoner proceeding pro se and in forma

16   pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 18, 2007.  This

17   action is proceeding on Plaintiff's second amended complaint against Defendants Rutan, Rutan-

18   Juliana, Phi, Bond, and O'Brian on Plaintiff's Eighth Amendment medical care claim.

19        On November 15, 2011, Defendant O'Brian filed a motion to compel Plaintiff's deposition,

20   following Plaintiff's failure to appear at his properly noticed deposition.[1]  On December 1, 2011, the

21   Court issued an order requiring Plaintiff to (1) file an opposition or a statement of non-opposition

22   to Defendant's motion to compel within thirty days, and (2) show cause within thirty days why

23   sanctions should not be imposed against him for failing to comply with the Court's order of August

24   30, 2011, in which the Court directed Plaintiff to provide further identifying information regarding

25   Defendant Bond for purposes of service of process.  Plaintiff was warned that the failure to comply

26

27        [1] At that time, only Defendant O'Brian had made an appearance in this action.  Defendant Phi subsequently
     answered the second amended complaint on November 18, 2011.  Defendants Rutan, Rutan-Juliana, and Bond have
28   not been served with process.

                                             1

1    with the order would result in dismissal of the action for failure to prosecute.  More than sixty days

2    have passed and Plaintiff has not complied with or otherwise responded to the order.

3         The Court has the inherent power to control its docket and may, in the exercise of that power,

4    impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles

5    County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss this action for failure

6    to comply with the directives set forth in its order, "the Court must weigh the following factors: (1)

7    the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

8    (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives;

9    and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291

10   F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

11        "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.

12   (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action

13   has been pending more than four years.  Plaintiff is obligated to comply with the Federal Rules of

14   Civil Procedure, the Local Rules, and court orders.  Plaintiff failed to respond to the Court's order

15    requiring him to provide further information regarding Defendant Bond.  Plaintiff was required to

16   appear for his deposition and he failed to do so.  Plaintiff then failed to comply with the order

17   requiring him to respond to Defendant's motion to compel and to show cause why sanctions should

18   not be imposed.  Finally, Plaintiff's address of record is apparently no longer accurate and no address

19   update has been filed.[2]  The Court cannot effectively manage its docket if a party ceases litigating

20   the case.  Thus, both the first and second factors weigh in favor of dismissal.

21        Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and

22   of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the

23   risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's

24   ///

25

26        [2] On October 31, 2011, an order served on Plaintiff was returned with a notation that Plaintiff paroled from
27   prison.  In addition, Plaintiff informed Defendant during his deposition on August 16, 2011, that he was set to parole
     from prison on September 1, 2011.  (Doc. 35-3, Ex. B, court record p. 15 ln. 8.)  However, at no time has Plaintiff
28   notified the Court of a change in his address and his address of record remains Pleasant Valley State Prison.  Local
     Rule 182(f).

1    failure to comply with discovery rules and the Court's order that is causing delay.  Therefore, the

2    third factor weighs in favor of dismissal.

3         As for the availability of lesser sanctions, at this stage in the proceedings there is little

4    available to the Court which would constitute a satisfactory lesser sanction while protecting the

5    Court and the State of California from further unnecessary expenditures of their scare resources.

6    Plaintiff is proceeding pro se and is or was a prisoner, making monetary sanctions likely of little use,

7    and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no

8    effect on a plaintiff who has ceased litigating the case.

9         Finally, because public policy favors disposition on the merits, this factor usually weighs

10   against dismissal.  Id. at 643.  However, "this factor lends little support to a party whose

11   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

12   progress in that direction," as is the case here.  In re Phenylpropanolamine (PPA) Products Liability

13   Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

14        Based on Plaintiff's failure to comply with or otherwise respond to the Court's orders and

15   Plaintiff's apparent failure to keep the Court informed of his current address, the Court is left with

16   no alternative but to dismiss the action for failure to prosecute.  In re PPA, 460 F.3d at 1228.  This

17   action, which has been pending since 2007, can proceed no further without Plaintiff's cooperation

18   and compliance with court orders, and the action cannot simply remain idle on the Court's docket,

19   unprosecuted.  Id.

20        Accordingly, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice,

21   for failure to prosecute.[3]

22        These Findings and Recommendations will be submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**

24   **days** after being served with these Findings and Recommendations, the parties may file written

25   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

26

27        [3] Defendants O'Brian and Phi filed a motion to dismiss for failure to prosecute on January 30, 2012.

28   However, in light of Plaintiff's failure to respond to the Court's order to show cause, the Court elects to proceed with
     dismissal of this action at this time under its inherent authority.

1    Findings and Recommendations."  The parties are advised that failure to file objections within the

2    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

3    1153 (9th Cir. 1991).

4

5    IT IS SO ORDERED.

6    **Dated:    February 6, 2012**                                    <u>      /s/ Sheila K. Oberto      </u>
                                                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4